WILLIAM H. CLAPP *et. al. vs.* FREDERIC SHERMAN *et als.*

An assignment made under Pub. Stat. R. I. cap. 237, § 12, to dissolve an attachment excepted out of the grantor's estate, following the words of the statute, "so much thereof other than debts secured by bills of exchange or negotiable promissory notes *as is or shall be exempted* from attachment by statutes of the State and of the United States."

*Held*, that the words " as is or shall be exempted " must be construed to include only such property as was exempt when the assignment was made.

BILL IN EQUITY for an account and an injunction. On demurrer to the bill filed by Henry L. Fairbrother, one of the respondents.

*December* 5, 1883. DURFEE, C. J. The only question raised here is whether the assignment mentioned in the bill was effectual under Pub. Stat. R. I. cap. 237 § 12,[1] to dissolve the attachment

---

[1] As follows:

SECT. 12. Whenever the property of any debtor shall be attached or levied upon by any creditor, the debtor may, at any time before such property shall be sold and the proceeds thereof applied to the payment of the claim or judgment upon which such attachment or levy shall have been made, and within sixty days after such attachment or levy, dissolve such attachment or levy by

there mentioned. The defendant contends that it was not because it excepted out of the property conveyed " so much thereof other than debts secured by bills of exchange or negotiable promissory notes as is or shall be exempted from attachment by statutes of the State and of the United States." The exception is identical in language with the exception allowed by the statute ; but the defendant contends that, as used in the assignment, it includes not only all such property other than bills of exchange and negotiable promissory notes, belonging to the assignor, as was exempt when the assignment was made, but likewise all such as shall thereafter become exempt by any statute either of the State or of the United States : whereas the exception allowed by the statute can only be construed to extend to such property as is exempt when the assignment is made. We do not think the contention can avail. The assignment so construed defeats itself ; for it cannot be known what is assigned until it is known what is excepted, and, granting the construction contended for, it can never be known what is excepted so long as either the State or the United States is capable of adding to what is exempt from attachment. The exception must be reconciled, if it be possible, with the plain and paramount purpose, or subordinated to it, and evidently the purpose was to convey all the property of the assignor but the property excepted to his assignee, on trusts for his creditors, which could be immediately executed ; and therefore, to reconcile the exception with the grant, the property excepted must be immediately ascertainable, or, in other words, the exception must be construed to include only such property as was exempt when the assignment was made. The construction may do some little vio-

making and having recorded in the records of the town or city where the assignor resides, or where any of the real estate of such debtor is located, an assignment of all the property and estate of such debtor, except so much thereof other than debts secured by bills of exchange or negotiable promissory notes as is or shall be exempted from attachment by statutes of the State and of the United States, to some citizen of this State, for the equal benefit of all his creditors, in proportion to their respective claims, except as is provided in section fourteen of this chapter, and such assignment shall be effectual to convey all the property and estate of such debtor, except as aforesaid, and also all the property and estate theretofore conveyed by such debtor in fraud of the rights of creditors or in violation of the provisions of this chapter.

lence to the assignor's grammar; but of course it is better that his grammar should suffer than his manifest meaning. The use of " shall be " instead of " may be," to signify indeterminateness rather than futurity, is not unknown.

*Demurrer overruled.*

*William H. Clapp,* for complainants.

*W. W. Blodgett,* for the demurring respondent.